THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* ALEJANDRO PÉREZ, Defendant and Appellant.

No. 10153. Argued December 20, 1943.—Decided January 25, 1944.

*Leopoldo Tormes García* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

The appellant was convicted and sentenced for a violation of Act No. 6 of November 17, 1941 (Spec. Sess. Laws, p. 14). The alleged violation consisted in that, on June 5, 1942, he sold to Leopoldo López, in Ponce, 257 pounds of meat from cattle slaughtered in the Island, at a price of 20 cents per pound, notwithstanding the Regulations approved by the Food and General Supplies Commission had fixed the price thereof at 18 cents per pound.

The appellant urges that the sentence imposed upon him is erroneous:

(1) Because the Act alleged to have been violated is unconstitutional;

(2) Because in any event the evidence was insufficient to convict him.

■ In support of the alleged unconstitutionality of the act, the appellant argues that the crime charged against him was defined and made punishable by the Food and General Supplies Commission, and that the legislature alone has the power to define and punish crimes, which power can not be delegated.

By subdivision 4 of §1 of the Act in question said commission is empowered, subject to the approval of the Governor, to determine the prices at which all articles of necessity may be sold. And further on, in the same subdivision, it is provided:

"Any person selling articles above the rate determined by the commision, . . . shall be punished for each offense by a fine of not less than $25 nor more than $1,000 and imprisonment for not more than six months. . . ."

As may be seen, the Legislature delegated to the commission the power to fix the price, which delegation in the case of *People* v. *Martínez*, decided on the 12th instant (*ante*, p. 706) we held to be constitutional. But once the maximum price had been determined by the commission, it was the Legislature which created the offense and fixed the penalty therefor.

■ The only evidence for the prosecution was the testimony of the injured person, Leopoldo López. This witness testified that he had purchased 257 pounds of meat from the defendant, as alleged in the complaint, that is, at the rate of 20 cents per pound; that he paid the price in full on the following day; that the deal was carried out at the slaughterhouse of Ponce in the presence of other persons whom he failed to name, and that none of them learned the terms on which that transaction was made.

The evidence for the defense consisted in the testimony of José Clavel and of the defendant. The former stated that he was a purveyor of meat, that he was an eyewitness to the sale of 257 pounds of that article, made by the defendant to Leopoldo López. That the agreed price was at the rate of 18 cents per pound; that on the day following the sale, López delivered to the defendant, in the presence of the witness, the price of the meat less nine and odd dollars; that for that reason the defendant refused to sell any more meat to López and that undoubtedly this was the reason which led López to falsely accuse the defendant.

The defendant testified that the sale had been agreed at the rate of 18 cents per pound; that after paying the price on the day following the sale, López still owed him $9.40 and that for that reason he told López that he could not continue selling him any meat if he, López, was to remain indebted to him, because defendant did not wish to increase the previous outstanding balance; that López answered that it was all right and four or five days afterwards told the defendant that he López was going to file a complaint against him. In the course of his testimony the defendant stated that many persons failed to settle in full for the meat and never paid him, and that this had often happened in the case of Mr. López.

The evidence was conflicting. The court gave full credit to the witness for the prosecution, and as his testimony is not inherently improbable nor has any circumstance been shown which would preclude the according of such credit, we feel bound by the conclusion reached by the trial court in the weighing of the evidence.

The judgment appealed from is affirmed.

Mr. Justice Snyder did not participate herein.